IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| AGUSTEN DIAZ, | § | |
| | § | |
| Movant, | § | |
| | § | |
| VS. | § | NO. 4:15-CV-023-A |
| | § | (NO. 4:11-CR-180-A) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION
and
ORDER

Before the court for consideration and decision is the motion filed by movant, Agusten Diaz, to vacate, set aside, or correct sentence by a person in federal custody. After having considered such motion, the government's response thereto, movant's reply, pertinent parts of the record in Criminal Case No. 4:11-CR-180-A, and relevant legal authorities, the court has concluded that such motion should be denied.

I.

Background

On January 6, 2012, movant pleaded guilty to the offense of conspiracy to distribute, and to possess with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 846 and 841(a)(1) & (b)(1)(B). He was sentenced on April 20,

2012, to a term of imprisonment of 480 months, to be followed by a term of supervised release of five years.

Movant appealed his sentence to the United States Court of Appeals for the Fifth Circuit, which affirmed by an opinion issued April 22, 2013. After having unsuccessfully sought a writ of certiorari by the Supreme Court, movant filed his § 2255 motion on January 12, 2015. He amended his motion by a document filed January 22, 2015, which is the version of his motion now under consideration. The government responded to the amended motion on February 17, 2015, and movant filed his reply on February 27, 2015.

II.

## The Grounds of Movant's § 2255 Motion

Movant asserted four grounds for relief in his § 2255 motion, which, as stated in the motion together with the supporting facts recited in the motion as to each ground, are as follows:

GROUND ONE:

Ineffective Assistance of Counsel

(a) Supporting facts . . . :

Counsel was ineffective in that counsel failed to properly inform the Petitioner, a Spanish speaker who did not read or write in either Spanish or English as of the time in question, of the potential

> sentencing range or the very real potential
> consequences of entering a guilty plea.
>
> Counsel repeatedly told the Petitioner that he would
> face a possibility of 13 to 15 years incarceration
> after entering a [sic] open plea with no plea
> agreement in place. Counsel made unrealistic
> promises due to lack of preparation and
> investigation.
>
> Counsel was emphatic that the Petitioner should not
> go to trial and continuously reiterated that the
> Petitioner should enter a plea and allow the court
> to determine his sentence despite no plea agreement
> being in place between the Petitioner and the
> government.
>
> Counsel repeatedly rejected the Petitioner's request
> to go to trial in the instance that no plea
> agreement was in place and continued to encourage
> and direct the Petitioner to plea [sic] guilty.

Doc. 5 at 5.[1]

> GROUND TWO:
>
> Involuntarily/Unknowingly Entered Plea Induced by
> Counsel's Ineffective Assistance
>
> (a) Supporting facts . . . :
>
> The Petitioner was not properly informed of the
> consequences of entering a plea by his trial counsel
> (See Ineffective Assistance of Counsel-Ground One).
>
> The Petitioner did not fully comprehend the premise
> of his plea or entrance of his plea in open court as
> he is a Spanish speaker who neither read nor wrote
> in either Spanish or English as of the period in
> question.

---

[1] The "Doc. ___" references are to entries on the clerk's docket in this Case No. 4:15-CV-023-A.

> The Petitioner's plea was induced through unrealistic promises of potential terms of incarceration and was entered despite the Petitioner's insistence that in the instance that no actual plea agreement was in place between the Petitioner and the government, he would choose to challenge his charges through the trial process.

<u>Id.</u> at 6.

GROUND THREE:

> Violation of Eighth Amendment Right under the United States Constitution
>
> (a) Supporting facts . . . :
>
> The Petitioner is a non-violent offender with virtually no criminal history. The period of illegal activity in question was of very short duration and the Petitioner showed great remorse as well as community support reflecting a very strong likelihood of rehabilitation via a reasonable term of incarceration. The Petitioner was 32 years at the time of his offense and statistically a term of incarceration of 13 to 15 years would even be harsh under the circumstances of the offense alleged. Detailed examination of recidivism and terms of incarceration throughout the United States have revealed that offenders in there [sic] mid-forties and beyond are highly unlikely to face the prospects of recidivism. In light of this, a sentence that punishes so excessively beyond the premise of rehabilitation and the goals of the criminal justice system is both cruel, and in the Petitioner's case, far from necessary. However, despite the fact that there is little to no likelihood of recidivism on the Petitioner's part, the court sentenced him to the statutory maximum of 480 months and did so after giving no more consideration to mitigating factors than a cursory brushing over. The Petitioner's counsel on appeal was ineffective for failing to raise this issue. The Petitioner did not waive his right to appeal and did not forfeit his right to argue this issue on appeal.

Id. at 8.

    GROUND FOUR:

    The District Court failed to Properly Consider Mitigating Factors Pursuant to 18 U.S.C. § 3553

  (a) Supporting facts . . . . :

  The Petitioner raised several factors in consideration of mitigation at his sentencing hearing. The Petitioner pointed out that he was 32 years old, a husband as well as a father to two young children, and his Criminal History Category was I with no Criminal History Category points at all. The Petitioner accepted responsibility and the government agreed that he had done so. And, the Petitioner showed that he had great familial and community support despite the great error in decision-making that occurred on his part. Actions for which the Petitioner expressed great remorse before the court. Despite these many factors for consideration in mitigation of sentencing the court simply stated that it did not "think a sentence below the bottom of the advisory guideline range would adequately address the defendants [sic] conduct."

  The Petitioner also entered an open plea. With no plea agreement in place, the court should make a thorough review of all facts surrounding the Petitioner's plea in light of the goals of sentencing and should do so before the court and the accused. The Petitioner did not receive a response regarding inquiry into the various factors posed under 18 U.S.C. § 3553 as he should have based upon the facts and circumstances of his case and in view of his decision to plead guilty.

  The Petitioner's counsel on appeal was ineffective for failing to raise this issue. The Petitioner did not waive his right to appeal and did not forfeit his right to argue this issue on appeal.

Id. at 9.

5

III.

Analysis

A. Pertinent Legal Principles

1. Principles Applicable to a 2255 Motion

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164-165 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge her conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for her procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974).

6

2. <u>Ineffective Assistance of Counsel Claims</u>

To prevail on an ineffective assistance of counsel claim, movant must show (1) that counsel's performance fell below an objective standard of reasonableness and (2) that there is a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceedings would have been different. <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984). Both prongs of the <u>Strickland</u> test must be met to demonstrate ineffective assistance. <u>Id.</u> at 697. Further, "[a] court need not address both components of an ineffective assistance of counsel claim if the movant makes an insufficient showing on one." <u>United States v. Stewart</u>, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," <u>Harrington v. Richter</u>, 131 S. Ct. 770, 792 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." <u>Cullen v. Pinholster</u>, 131 S. Ct. 1388, 1403 (2011) (quoting <u>Strickland</u>, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. <u>Strickland</u>, 466 U.S. at 689.

B.   The Grounds of the Motion Are Without Merit

1.   Grounds One and Two

Movant's Grounds One and Two are treated together under this heading because they raise essentially the same points.

The lack of proficiency on movant's part in reading or writing either Spanish or English are not relevant considerations in this action on the issue as to whether he should have entered a plea of guilty as he did. The following exchange occurred at the rearraignment hearing after movant had been put under oath:

> THE COURT: Do you understand that you're now under oath and that if you answer any of my questions falsely, your answers could later be used against you in a prosecution for perjury or making a false statement?
>
> DEFENDANT A. DIAZ: Yes, Your Honor.
>
> THE COURT: And I take it you read, write, understand, and speak the English language proficiently?
>
> DEFENDANT A. DIAZ: A little bit.
>
> THE COURT: Well, do you not speak it proficiently?
>
> DEFENDANT A. DIAZ: Yes.
>
> THE COURT: I'm trying to find out if you need an interpreter.
>
> MS. BARBARE: Do you need an interpreter?
>
> DEFENDANT A. DIAZ: No.
>
> THE COURT: Pardon?

8

    DEFENDANT A. DIAZ:  No.

    THE COURT:  Okay.  You can read, write, understand, and speak the English language well enough to participate in this proceeding and know exactly what's happening?

    DEFENDANT A. DIAZ:  I don't know how to read English.

    THE COURT:  Pardon?

    DEFENDANT A. DIAZ:  I don't know how to read English.

    THE COURT:  Okay.  I'm not sure you will need to read today.

    MS. BARBARE:  I've read these to him, Your Honor.  He speaks English very well; understands everything very well.  I have had no problems with him understanding anything that we've addressed.

    THE COURT:  But you have read to him the things that he needs to be aware of?

    MS. BARBARE:  Yes, I have.

Case No. 4:11-CR-180-A, Doc. 193 at 2-3.[2]

The court is satisfied from the court's verbal exchanges with movant at his rearraignment and sentencing hearings that movant clearly understands the spoken English language and clearly speaks the English language.  Movant does not deny that he is proficient in speaking and understanding the English language.  Those are the things that are important to whether

---

[2]The "Case No. 4:11-CR-180-A, Doc. ___" citations have reference to the numbers assigned on the clerk's docket to items on file in Case No. 4:11-CR-180-A.

movant understood the consequences of his entry of a plea of guilty, which were clearly explained to him at the rearraignment hearing.[3] Case No. 4:11-CR-180-A, Doc. 193 at 23-24. At the rearraignment hearing the court carefully explained to movant the penalties he was subject to if he entered a plea of guilty, and movant informed the court under oath that he understood that he was subjecting himself to all those penalties if he pleaded guilty to the offense charged by the indictment. Id. at 23-24, 30.

The record shows that movant's contention that he was relying on promises or representations of his attorney when he entered his plea of guilty is without merit. He stated under oath at the rearraignment hearing that he understood that he should never depend or rely upon any statement or promise by anyone as to what penalty would be assessed against him if he were to plead guilty, that his plea of guilty must not be induced or prompted by any promises, mental pressure, threats, force, coercion, or pressure of any kind, and that he should plead guilty only because he was guilty and for no other reason. Id. at 11-13. Movant testified that no one had made any promise or

---

[3] Movant's ability to understand the English language is further established by the declarations of his attorney and a DEA Task Force Officer. Doc. 7 at 041-043, 001-002.

assurance to him of any kind in an effort to induce him to enter a plea of guilty. Id. at 29-30.

Moreover, movant testified under oath at the rearraignment hearing that he had read and fully understood the factual resume and that he had discussed it with his attorney before he signed it so he would know the legal meaning of everything in it and that he understood what his attorney told him. Id. at 28-29.

Directly at odds with movant's contention that he did not know the effect of entering a plea of guilty was the following exchange that occurred at the rearraignment hearing:

> THE COURT: And I take it, Ms. Barbare, that the willingness of your client to plead guilty without a plea agreement results from the fact that it's just a one count indictment?
>
> MS. BARBARE: That's correct, Your Honor.
>
> THE COURT: Mr. Agusten Diaz, has anyone made any promise or assurance to you of any kind in an effort to induce you to enter a plea of guilty in this case?
>
> DEFENDANT A. DIAZ: No, Your Honor.
>
> THE COURT: Has anyone mentally, physically, or in any other way attempted in any way to force you to plead guilty in this case?
>
> DEFENDANT A. DIAZ: No, Your Honor.
>
> THE COURT: Do you understand that if you plead guilty and if that plea is accepted by the Court, you will be adjudged guilty of the offense charged by the indictment in this case, and your punishment will be assessed somewhere within the range of punishment provided by statute, and your sentence will be within

the range provided by statute. Do you understand those things?

DEFENDANT A. DIAZ: Yes, Your Honor.

THE COURT: Do you understand that if you plead guilty and if the Court accepts that plea and you end up getting a sentence that's more severe than you hoped it would be, you will still be bound by your plea of guilty and will have no right to withdraw it?

DEFENDANT A. DIAZ: Yes, Your Honor.

Id. at 29-30.

Added evidence that movant's Grounds One and Two are without merit is the unchallenged testimony by affidavit of his attorney that she fully discussed with movant his guideline range, statutory range, and the consequences of pleading guilty, and that she at no time made any promise to movant regarding his sentence, much less a promise of 13-15 years in prison. Doc. 7 at 042-044.

"[A] defendant ordinarily will not be heard to refute [his] testimony given at a plea hearing while under oath." United States v. Cervantes, 132 F.3d 1106, 1110 (5th Cir. 1998). "Solemn declarations in open court carry a strong presumption of verity, forming a formidable barrier in any subsequent collateral proceedings." Id. (omitting internal quotation marks)(citing, and quoting from, Blackledge v. Allison, 431 U.S. 63, 73-74 (1977)). For a defendant who seeks habeas relief on the basis of

12

alleged promises inconsistent with representations he made in open court when entering his plea of guilty to prevail, he must prove "(1) the exact terms of the alleged promise, (2) exactly when, where, and by whom the promise was made, and (3) the precise identity of the eyewitness to the promise." Id. To be entitled to an evidentiary hearing, the defendant must produce "independent indicia of the likely merit of [his] allegations, typically in the form of one or more affidavits from reliable third parties. Id. "If, however, the defendant's showing is inconsistent with the bulk of [his] conduct or otherwise fails to meet [his] burden of proof in the light of other evidence in the record, an evidentiary hearing is unnecessary." Id. See also, United States v. Fuller, 769 F.2d 1095, 1099 (5th Cir. 1985).

Movant has failed to provide any evidence other than his own conclusory assertions in support of his contentions that are at variance with the record of his criminal case, as referenced above. Therefore, movant has not shown entitlement to a hearing, much less to any relief related to his entry of a plea of guilty. The court is not persuaded that movant's attorney made any representation to him concerning the level of punishment he would receive if he entered a plea of guilty or that his attorney rejected any request of movant to go to trial rather than to plead guilty. Moreover, movant has not provided information that

would persuade the court that he was not properly informed of the consequences of entering a plea of guilty before he entered it, that he did not fully comprehend the consequences of entering a plea of guilty, or that his plea of guilty was induced through unrealistic promises of potential terms of incarceration.

The court finds, as the record reflects, that movant was fully competent and capable of entering an informed plea and that his plea of guilty to the offense charged by the indictment was a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense charged by the indictment, and that his plea of guilty did not result from force, threats, or promises. Case No. 4:11-CR-180-A, Doc. 193 at 35.

For the reasons stated, movant's Grounds One and Two are to be denied.

2. Grounds Three and Four

Movant's Grounds Three and Four complain of matters that were the subjects of issues resolved against him in his appeal to the Fifth Circuit, or that should have been raised in that appeal. The Fifth Circuit described the issues before it in movant's appeal as follows:

> He argues that the district court improperly calculated
> his guidelines range by (1) denying him a two-level
> reduction pursuant to U.S.S.G. § 3E1.1 based on

14

> acceptance of responsibility, (2) applying a two-level adjustment pursuant to U.S.S.G. § 2D1.1(b)(1) for possession of a dangerous weapon during the offense, and (3) applying a four-level adjustment pursuant to U.S.S.G. § 3B1.1(a) based on a finding that he was a leader or organizer of the criminal activity. Diaz also argues that the district court erred by finding that he was a member of the Tango Blast gang.

United States v. Diaz, 532 F. App'x 527, 527 (5th Cir. 2013), cert. denied 134 S. Ct. 905 (2014).

Movant has provided no evidence in support of Grounds Three and Four that would provide basis for affording him any relief as to either of those grounds. To the extent he is complaining as to issues resolved against him on his direct appeal, he simply is not permitted to do that in this collateral proceeding. To whatever extent movant is seeking to raise in this collateral proceeding sentencing issues that were not presented to the Fifth Circuit on his direct appeal, movant has failed to provide any legal excuse for not having sought Fifth Circuit review as to those matters. Even if the issues presented constitutional or jurisdictional questions, movant is not permitted to raise them in this § 2255 proceeding "without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error." United States v. Segler, 37 F.3d 1131, 1133 (5th Cir. 1994)(citation omitted). He has shown neither in his motion or supporting documentation.

He complains that his counsel on appeal was ineffective for failing to raise certain issues, but he has provided nothing that would cause the court to conclude that his appellate outcome would have been any different if other issues had been raised.-- He has provided no factual basis for a conclusion that he was prejudiced by his appellate counsel's failure to raise other issues.

For the reasons stated, movant's Grounds Three and Four are to be denied.

IV.

Order

For the reasons stated above,

The court ORDERS that all relief sought by movant in his motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody, as amended, be, and is hereby, denied.

\* \* \* \* \*

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby,

denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED April 3, 2015.

_____
JOHN McBRYDE
United States District Judge